UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OCTAVE S. JAMES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2951** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **SECTION "L" (5)** |

**ORDER & REASONS**

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b). R. Doc. 20. Plaintiff Octave James ("Plaintiff") does not oppose the motion. Having considered the briefing, record, and applicable law, the Court rules as follows.

I.  **BACKGROUND & PRESENT MOTION**

This case arises out of an insurance contract dispute. Plaintiff contracted with State Farm to insure his personal residence located in LaPlace, Louisiana. R. Doc. 1. On August 29, 2021, while the policy was in full force and effect, Hurricane Ida caused extensive damages to Plaintiff's property. Plaintiff alleges that he reported these injuries, but State Farm failed to timely and adequately tender payment as required under the policy. *Id.* Plaintiff thus filed a lawsuit against State Farm in federal court on July 30, 2023 for payment of insurance proceeds and alleged bad faith damages. *Id.* After being served with the Complaint, State Farm filed its Answer on September 11, 2023. R. Doc. 5.

Upon filing, this case was placed in the Hurricane Ida Streamlined Settlement Program ("SSP"), subject to a Case Management Order ("CMO"). R. Doc. 11. The CMO, as amended, requires the parties to begin scheduling a mediation within 150 days from the filing of responsive pleadings, and that mediation must then take place within 90 days of the mediator being assigned. *Id.* Further, the CMO requires that the plaintiff appear for mediation and be prepared to attempt resolution "as justly

1

and expeditiously as possible." *Id.* The parties do have the option to opt out of the CMO and its requirements, but neither has done so here.

The first mediation in this matter was scheduled for January 17, 2024; however, Plaintiff failed to produce his CMO-mandated disclosures prior to the conference. R. Doc. 20. The parties subsequently rescheduled the mediation two more times in both February and March of 2024, but Plaintiff still did not produce any disclosures. *Id.* In fact, Plaintiff's counsel informed the mediator that he was unable to reach Plaintiff at all and would be filing to dismiss the case. *Id.* However, no motion to dismiss was ever filed. *Id.* Instead, counsel for Plaintiff withdrew, and Dory Tarver and Wilfred Denis, III filed a motion to enroll. R. Doc. 18. On August 21, 2024, Plaintiff's counsel Dory Tarver emailed State Farm, stating that they had not been able to contact Plaintiff for over 12 months and that she would "agree to dismiss the claim." R. Doc 20-7. Since then, counsel for Plaintiff have failed to officially authorize a joint motion to dismiss of Plaintiff's claims. Accordingly, State Farm filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. R. Doc. 20.

## II.     LAW & ANALYSIS

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("Under Rule 41(b), 'a defendant may move to dismiss the action or any claim against it' '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order.'") (quoting Fed. R. Civ. P. 41(b)). This authority is based on the power of district courts "to manage their own affairs so as to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Dismissals with prejudice under Rule 41(b) "are proper only where (1) there is a clear

record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Stearman v. Commissioner*, 436 F.3d 533, 535 (5th Cir. 2006). "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Id.*

Recognizing the high bar for dismissal with prejudice under Rule 41(b), the Court finds that it is satisfied here. Courts of this district have ordered a Rule 41(b) dismissal after "repeated noncompliance" with a CMO despite "numerous extensions." *In re Xarelto (Rivaroxaban) Products Liab. Litig.*, 2020 WL 7023902, at *2 (E.D. La. Nov. 30, 2020); *Lewis v. Geovera Specialty Ins. Co.*, No. 23-CV-6793, R. Doc. 18 (E.D. La. May 16, 2024). Other federal courts in Louisiana have dismissed an action under Rule 41 when, as in this case, plaintiff "failed to produce any documents" as required by a CMO and did not even "respond to the [Rule 41] [m]otion to [d]ismiss." *Bellard v. United Nat'l Ins. Co.*, 22-CV-5869 (W.D. La. Apr. 19, 2023). The Fifth Circuit has similarly upheld Rule 41(b) dismissals after plaintiffs failed to meet deadlines, despite "repeated opportunities to comply with" the CMO. *Berry v. BorgWarner*, 291 Fed. Appx. 592, 595 (5th Cir. 2008). In this instance, the Court concludes that Plaintiff's repeated noncompliance with the CMO constitutes a "clear record" of "contumacious conduct" that mandates dismissal. *See Stearman*, 436 F.3d at 535. Plaintiff's inaction and lack of communication has substantially prejudiced State Farm's ability to resolve or otherwise defend this case in a timely manner and frustrates the overall goal of the SSP to efficiently adjudicate claims subject to the CMO. Moreover, "[t]he Court cannot conceive how 'lesser sanctions,' which would permit Plaintiff to effect further delays and deprive [State Farm] of the information necessary to prepare and defense

the case, would 'serve the best[] interests of justice.'" *Lewis v. Geovera Specialty Ins. Co.*, No. 23-CV-6793, R. Doc. 18 (citing *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)).

The Court's decision is further supported by the fact that counsel for Plaintiff on two separate occasions already agreed in writing to dismiss Plaintiff's claims due to their inability to contact him for over a year. R. Doc. 20-6; R. Doc. 20-7. The Court will not keep the case alive simply because Plaintiff's counsel failed to provide their signature to a joint motion to dismiss despite clearly manifesting their intent to do so. Indeed, it would be imprudent to allow this lawsuit to proceed without a consistent line of communication between Plaintiff and his counsel.

### III.   CONCLUSION

Accordingly;

**IT IS HEREBY ORDERED** that Defendant State Farm's Motion to Dismiss, R. Doc. 20, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED** with prejudice, each party to bear its own costs.

New Orleans, Louisiana, this 6th day of January, 2025.

_____
United States District Judge

4